EDWARD FEELY, Plaintiff, v. THOMAS F. BUCKLEY, Appellant, Impleaded with JAMES S. FEELY and Others, Respondents.

*Conveyance of real estate to husband and wife — they take as tenants in common since the enactment of chapter 90 of 1860.*

Where real estate has been conveyed to a husband and wife, since the passing of the married women's act (chap. 90 of 1860), they take an estate as tenants in common, and not an estate in entirety.

Appeal from an order made at a Special Term confirming the report of a referee, upon an application for surplus moneys arising on a sale upon the foreclosure of a mortgage.

The premises were conveyed to Thomas F. Buckley and Mary Ann Buckley, his wife, by a deed dated November 25, 1879. The referee held that they took an estate as tenants in common and awarded one-half of the surplus to the husband and the other half to the heirs-at-law of the wife.

*McGuire & Kuhn*, for Thomas F. Buckley, appellant.

*John N. Shorter*, for Feely and others, respondents.

Barnard, P. J.:

Before the statute of 1860 (chap. 90), in reference to the rights and liabilities of husband and wife, a deed to a husband and wife conveyed an estate in entirety. (*Wright* v. *Saddler*, 20 N. Y., 320). The Revised Statutes (1 R. S., 727, part 2, chap. 1, title 2, art. 2, § 44) which enacts that every estate granted to two or more persons in their own right, shall be a tenancy in common unless expressly declared to be a joint tenancy, did not cover the case of a conveyance to husband and wife before the acts to protect married women were passed. These acts give the right to married women to hold property conveyed to them as their sole and separate property.

The decisions under the Revised Statutes alone had no further force after the passage of the acts to protect married women were passed.

Before 1860, married women were under disability. After that they could take as if unmarried. The Revised Statutes now apply

to married women, because as to the grant to herself and husband, she is to be deemed as if unmarried. (*Meeker* v. *Wright,* 76 N. Y., 262.)

The order should therefore be affirmed, with costs.

DYKMAN, J., concurred; GILBERT, J., dissenting.

Order affirmed, with costs and disbursements.